NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | **OPINION** |
| Plaintiff, | Civ. No. 12-2025 |
| v. | |
| JOSEPH PITONYAK; BARBARA ELSNER, solely as Power of Attorney on behalf of Joseph Pitonyak; KURT ELSNER, solely as Power of Attorney on behalf of Joseph Pitonyak; and LINDA PITONYAK, | |
| Defendants. | |

**Walls, Senior District Judge**

Interpleader Defendant Linda Pitonyak moves for summary judgment. Interpleader Plaintiffs Joseph Pitonyak, Barbara Elsner and Kurt Elsner oppose, and cross-move for summary judgment. Under Federal Rule of Civil Procedure 78, the Court denies both motions for summary judgment without oral argument.

**FACTUAL AND PROCEDURAL BACKGROUND**

Dennis Pitonyak, upon beginning as a teacher for the Trenton Board of Education in 1976 or 1977, enrolled in the New Jersey Teachers' Pension and Annuity Fund ("TPAF") and received group life insurance under a policy underwritten by the Prudential Life Insurance Company of America ("Prudential"). Pls. Response to Def.'s Statement of Material Facts, ¶ 1 (ECF No. 28-1); Def.'s Motion for Summary Judgment at 3, ¶ 1 & Ex. A (ECF No. 26). Upon his enrollment in the TPAF, Dennis designed his father, Interpleader Plaintiff Joseph Pitonyak, as the primary beneficiary of his Group Life Insurance and Return of Accumulated Deductions (collectively,

**NOT FOR PUBLICATION**

"Death Benefit"), and named his mother, Susan Pitonyak (Mrs. Joseph P. Pitonyak), as the contingent beneficiary. Pls. Response to Def.'s Statement of Material Facts, ¶ 2 *[sic]*; Def.'s Motion for Summary Judgment at 3, ¶ 2 & Ex. B.

> With respect to change of beneficiary, the Prudential policy provided:
>
> You may change the beneficiary at any time without the consent of the present Beneficiary. The Beneficiary change form must be filed through the Contract Holder [the State Treasurer of New Jersey]. The change will take effect on the date the form is signed. But it will not apply to any amount paid by Prudential before it receives the form.]

Def.'s Motion for Summary Judgment at 3-4, ¶ 2 & Ex. A; *see also* Pls. Response to Def.'s Statement of Material Facts, ¶ 2 *[sic]*. The policy also defined "Beneficiary" as: "a person chose, on a form approved by Prudential, to receive the insurance benefits." *Id.*; *see also* Def.'s Motion for Summary Judgment, Ex. A.

On August 13, 1983, Dennis married Linda Varadi. Pls. Response to Def.'s Statement of Material Facts, ¶ 3; Def.'s Motion for Summary Judgment, ¶ 3 & Ex. C. On September 14, 1983, Dennis filled out a Public Employees Retirement System ("PERS") form, instead of the correct TPAF Designation of Beneficiary Form. Pls. Response to Def.'s Statement of Material Facts, ¶ 3; Def.'s Motion for Summary Judgment, ¶ 3 & Ex. D. On the PERS form, Dennis designed his wife, Linda, as the primary beneficiary of the Death Benefit, and his mother, Susan, as the contingent beneficiary. *Id.* The parties dispute whether the forms were "virtually identical." Pls. Response to Def.'s Statement of Material Facts, ¶ 3; Def.'s Motion for Summary Judgment, ¶ 3.

The parties also dispute whether the Department of the Treasury issued a letter to Dennis informing him that he had used the wrong form, and even if it had, whether Dennis ever received that letter. Pls. Response to Def.'s Statement of Material Facts, ¶ 4; Def.'s Motion for Summary

**NOT FOR PUBLICATION**

Judgment, ¶ 4 & Ex. E. Both parties do agree that Dennis never took any further action with respect to the beneficiaries of his Death Benefit. *Id.*

Dennis Pitonyak died on September 11, 2011. At the time of his death, he was still married to Linda Pitonyak. Pls. Response to Def.'s Statement of Material Facts, ¶ 6; Def.'s Motion for Summary Judgment, ¶ 6 & Ex. G.

After Dennis passed away, Linda Pitonyak made a claim to the TPFA for the proceeds of Dennis' Death Benefit, and Barbara Elsner submitted a claim on behalf of Joseph Pitonyak. Pls. Response to Def.'s Statement of Material Facts, ¶ 9; Def.'s Motion for Summary Judgment, ¶ 9. Barbara Elsner is Dennis' sister and Joseph's daughter, and on February 9, 2012, Joseph executed a Last Will and Testament that named Barbara as the sole beneficiary of his estate. Pls. Response to Def.'s Statement of Material Facts, ¶ 7; Def.'s Motion for Summary Judgment, ¶ 7.

Prudential commenced this interpleader action on April 3, 2012, and paid the Death Benefit into the Court. ECF No. 1. On January 22, 2103, Linda Pitonyak moved for summary judgment. ECF Nos. 26-27. Interpleader Plaintiffs opposed on February 14, 2013, and cross-moved for summary judgment. ECF Nos. 28-20.

**STANDARD OF REVIEW**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769 (2007). A dispute as to a material fact is genuine where a rational trier of fact could return a verdict for the non-

**NOT FOR PUBLICATION**

movant. *Id.* The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529, 126 S.Ct. 2572 (2006). If the movant carries this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348 (1986)). At this stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## DISCUSSION

"In general, a designated beneficiary has a vested property right 'which can be divested only by a change of beneficiary in the mode and manner prescribed by the [policy].'" *Czoch v. Freeman*, 317 N.J. Super. 273, 285 (App. Div. 1999) (citing *Metropolitan Life Ins. Co. v. Woolf*, 138 N.J.Eq. 450, 454-55 (E & A 1946)). This general rule may be modified where there is "substantial compliance" with the method outlined in the policy to change a beneficiary. *Czoch*, 317 N.J. Super. at 273; *see also Haynes v. Metropolitan Life Ins. Co.*, 166 N.J. Super. 308, 313 (App. Div. 1979). In other words, "an insured will be released from a strict observance of the terms of the policy if the court can be convinced that the insured made every reasonable effort to effect a change of beneficiary." *Id.* "Mere verbal expression of an intent to change a beneficiary designation is ineffective." *DeCeglia v. Estate of Colletti*, 265 N.J. Super. 128, 136 (App. Div. 1993).

**NOT FOR PUBLICATION**

Determining "substantial compliance" and "every reasonable effort" is a heavily fact specific inquiry. Material factual questions still remain in this case, including whether the two forms were "virtually identical," whether Dennis Pitonyak received a letter from the Department of the Treasury informing him that he had used the wrong form, and indeed, whether the Treasury even issued such a letter. It follows that this Court is unable to resolve this case on summary judgment.

## CONCLUSION

Both motions for summary judgment are denied.

March 13, 2013

**/s/ William H. Walls**
United States Senior District Judge
